UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE COOK, Jr., | No. 2:17-cv-0969-EFB P |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN L. MOCK, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a request for instructions on paying a portion of the filing fee, and a request for the appointment of counsel.

**I.   Request for Leave to Proceed In Forma Pauperis and Request for Instructions**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Plaintiff's request for instructions on paying a portion of the filing fee is denied as moot.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II.    Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Here, plaintiff is suing the state court judge who presided over his criminal trial. Plaintiff alleges that the judge illegally sentenced him and then denied his motion to correct the illegal sentence. As relief, plaintiff requests removal of the "illegal 25 years to life sentence" and a "new abstract of judgment." ECF No. 1 at 15.

As an initial matter, the court notes that the defendant judge is immune from plaintiff's § 1983 suit for injunctive relief. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004). By its very terms, § 1983 prohibits a grant of injunctive relief against any "judicial officer" acting in his or her judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not concern the violation of a declaratory decree or the unavailability of declaratory relief.

Even if plaintiff had named a proper defendant, dismissal without prejudice to the filing of a new action pursuant to 28 U.S.C. § 2254 would be required. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

If plaintiff were to succeed in this action attacking his "illegal sentence," it would necessarily undermine the validity of his sentence. Accordingly, a writ of habeas corpus is

1  plaintiff's sole remedy in federal court, which he may pursue only after exhausting all of his

2  constitutional claims in state court.  Therefore, plaintiff's complaint must be dismissed without

3  leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*,

4  658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is

5  proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by

6  amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th

7  Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the

8  pleading was made, unless it determines that the pleading could not be cured by the allegation of

9  other facts.").

### III.  Request for the Appointment of Counsel

As to plaintiff's request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case and the motion is denied.

### IV.  Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for instructions on paying a portion of the filing fee (ECF No. 6) is denied as moot.

3

4. Plaintiff's request for the appointment of counsel (ECF No. 5) is denied.

5. The complaint is dismissed without leave to amend and without prejudice to plaintiff's proper pursuit of habeas corpus relief in a new action.

Dated:  July 26, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE